FILED IN MY OFFICE
DISTRICT COURT CLERK
5/19/2016 10:44:43 AM
STEPHEN T. PACHECO
Maureen Naranjo

FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

HELLEN GONZALEZ
    Plaintiff

v.                                 No.    D-101-CV-2016-01244
                                       Case assigned to Ortiz, Raymond Z.

TOWN OF EDGEWOOD; and
TOWN OF EDGEWOOD POLICE DEPARTMENT; and
CHIEF OF POLICE FRED RADOSEVICH, in his individual
and representative capacities.
    Defendants

## COMPLAINT FOR DAMAGES

### I.    JURISDICTION

1.    COMES NOW Plaintiff, by and through her attorney, Joseph E. CampBell Esq., and brings this Complaint For Damages. This action is brought pursuant to the New Mexico Constitution, the New Mexico State Tort Claims Act, NMRA 1978 §§ 41-4-1 *et seq.*, and the laws of the State of New Mexico.

### II.    PARTIES

2.    Plaintiff, Hellen Gonzalez, is an adult individual residing at 47 Meadow Drive, Tijeras, NM 87059. At all times relevant to this action Plaintiff, Hellen Gonzalez was employed by Defendant, Town of Edgewood Police Department.

3.    Defendant, Town of Edgewood, (hereafter Edgewood) is a municipality and governmental entity within Santa Fe County, New Mexico and maintains municipal offices at 1911 Highway 333 (Historic Route 66), Edgewood, NM 87015. At all times relevant to this action Edgewood operated the Edgewood Police Department

EXHIBIT A

1

4. Defendant, Town of Edgewood Police Department (hereafter Police Department), is a located in Santa Fe County, New Mexico and is a governmental law enforcement entity and maintains offices at 18 Municipal Way Edgewood, NM 87015. At all time material to this action the Police Department employed Plaintiff Hellen Gonzalez and Defendant Chief Radosevich.

5. Defendant Fred Radosevich (hereafter Chief Radosevich) is the Chief of Police of the Town of Edgewood Police Department. At all times material to this action Chief Radosevich was the Chief of the Edgewood Police Department and directly in charge of all of its employees, including Plaintiff Hellen Gonzalez.

### III. FACTUAL BACKGROUND

6. Paragraphs 1 through 5 above are incorporated herein as if set forth at length.

7. Plaintiff Hellen Gonzalez had been employed with the Town of Edgewood Police department since June 2, 2008.

8. Defendant Fred Radosevich was hired by the Town of Edgewood as Chief of Police in April of 2013.

9. Plaintiff Hellen Gonzalez has previously sued the Town of Edgewood for employment discrimination in First Judicial District Court of Santa Fe County, New Mexico in D-0101-CV-2011-00022.

10. D-0101-CV-2011-00022 was resolved between the parties by a settlement agreement.

11. In the afore mentioned settlement agreement, Hellen Gonzalez and the Town of Edgewood agreed that information related to D-0101-CV-2011-00022 would not be released to third parties without a court order or subpoena.

12. Specifically, the Settlement Agreement reads as follows:

Further, in consideration of the above payment, and good and valuable consideration, the parties also expressly declare and agree:

1. The Town of Edgewood will remove all documents of a disciplinary nature or internal affairs from Plaintiff's regular personnel file. All such removed documents shall be placed in a sealed envelope marked "confidential only to be opened upon court order or subpoena." The sealed envelope shall be held by the Town Administrator and not available for review by any police chief.

13. On March 31, 2014 the Town of Edgewood did produce and provide to Council for Plaintiff Larry Marron, Hellen Gonzalez's complete personnel file including all disciplinary matters and documentation relevant to Hellen Gonzalez's prior civil action against the Town of Edgewood.

14. Upon information and belief the Town of Edgewood still has not removed the items from Hellen Gonzalez's personnel file as required.

15. On June 27, 2014 Officer Hellen Gonzalez served the Town of Edgewood with a Tort Claim Notice relative to the Town's failure to remove the documentation from Hellen Gonzalez's personnel file and in provided the same documentation to Larry Marron's attorney.

16. The Town of Edgewood has a Personnel Ordinance (Town of Edgewood Personnel Ordinance No. 2003-5) which governs the policies and procedures utilized by the Town in personnel matters including investigations, disciplinary actions and termination of employment.

17. The Town of Edgewood's Personnel Ordinance constitutes an implied employment contract.

18. The Personnel Ordinance states that employees shall be paid for all time worked or will receive deferred compensation for all time worked by employees.

19. On December 18, 2014, Hellen Gonzalez served a Notice of Tort Claims on the Town of Edgewood related to the Edgewood Police Department's policy concerning the cleaning and maintenance of Police Department vehicles.

20. Prior to December 18, 2014, the Edgewood Police Department required that police officers attend to the cleaning and maintenance of the department vehicles, often during their off duty hours or on their days off.

21. Chief Radosevich required that the vehicles be cleaned and maintained by the officers, and the officers faced disciplinary action if they did not keep the vehicle cleaned and maintained.

22. The officers, including Hellen Gozalez, were not compensated for their off duty time spent in cleaning and maintaining the department vehicles.

23. Additionally, the department did not reimburse the officers for any costs incurred for cleaning or detailing the department vehicles.

24. Following the receipt of the Notice of Tort Claim the Town of Edgewood changed the vehicle maintenance and cleaning policy and required Officers to clean and maintain the vehicles during their duty hours.

25. Hellen Gonzalez has not received any compensation for any time spent in cleaning and maintaining her patrol vehicle during non-duty hours.

26. Following this incident Chief Radosevich threatened to revoke Hellen Gonzalez's privilege to take her department issued vehicle home.

27. Following the submission of the December 18, 2014 Notice of Tort Claim, in late December of 2014 and early January of 2015, Hellen Gonzalez was on vacation and sick leave.

28. During this period of time Chief Fred Radosevich had Hellen Gonzalez's issued police vehicle taken to Rich Ford in Edgewood for maintenance.

29. When Hellen Gonzalez returned to duty her vehicle was still at Rich Ford and she was informed by Chief Fred Radosevich that her vehicle was there for maintenance.

30. Fred Radosevich failed to have the oil changed or the scheduled maintenance performed while he had the vehicle at Rich Ford for maintenance.

31. When Hellen Gonzalez went to pick the vehicle up from Rich Ford she was told the vehicle was ready to go.

32. On Tuesday, March 3, 2015, Chief Radosevich issued Hellen Gonzalez a notice of contemplated action for allegedly failing to have the oil changed in her vehicle in December of 2014.

33. On February 11, 2014 Hellen Gonzalez arrested Raymond Seagers, III, on an outstanding, validly issued arrest warrant.

34. During the arrest Hellen Gonzalez, based on Chief Fred Radosevich's attitude and facial expression, believed that Chief Fred Radosevich was unhappy with the arrest.

35. Hellen Gonzalez, based on her perceived reactions from Chief Fred Radosevich, believed that Chief Radosevich attempted to intervene in the arrest of Raymond Seagers, III.

36. On February 11, 2014, following Raymond Seagers, III arrest, Chief Fred Radosevich issued Hellen Gonzalez a verbal reprimand for violation of her duty gear.

37. The issue of Hellen Gonzalez's duty gear, and the Town's failure to allow reasonable accommodations in regard to her duty gear, was the basis of an EEOC Complaint previously filed by Hellen Gonzalez.

38. On February 20, 2015, Hellen Gonzalez was issued a Right to Sue letter by the EEOC against the Town of Edgewood and the Edgewood Police Department for Chief Fred Radosevich's failure to allow reasonable accommodations for Hellen Gonzalez's duty gear associated with Hellen Gonzalez's permanent physical injuries.

39. On February 21, 2015, Chief Fred Radosevich issued Hellen Gonzalez a notice of contemplated action for an incident which occurred on December 21, 2014.

40. Subsequently, Chief Radosevich issued Hellen Gonzalez a written reprimand which has been placed in Hellen Gonzalez's permanent personnel file.

41. On March 4, 2015 Hellen Gonzalez served the Town of Edgewood with a Notice of Tort Claim.

42. Following the receipt of the Notice of Tort Claim the Town of Edgewood subsequently began an internal affairs investigation of Officer Helen Gonzalez.

43. The internal affairs investigation was performed by Rick Foley.

44. Rick Foley was the individual that determined that Hellen Gonzalez had been untruthful in the investigation he conducted of Chief Radosevich; Foley then made a recommendation that Hellen Gonzalez be investigated for untruthfulness; and Foley then conducted the investigation to determine whether Hellen Gonzalez was untruthful.

45. The investigation conducted by Rick Foley was clearly plagued by a conflict of interest and a predetermined conclusion.

46. The internal affairs investigation was negligently performed and raised issues of bias in the performance of the investigation.

47. The Town of Edgewood knew the issues associated with the internal affairs investigation and negligently relied on the investigation conducted by Rick Foley.

48. Subsequently, on May 18, 2015, the Town of Edgewood served Hellen Gonzalez with a Notice of Intent to Terminate Employment.

49. May 19, 2015, the Town of Edgewood also removed Hellen Gonzalez from Administrative leave and unilaterally attempted to place her on Family Medical Leave in violation of the Family Medical Leave Act.

50. Prior to her termination, Hellen Gonzalez was also assigned the duties of the Edgewood Police Department Evidence Custodian.

51. While attempting to carry out her duties as Evidence Custodian, Hellen Gonzalez observed several violations of protocol and procedures.

52. Hellen Gonzalez verified with the First Judicial District Attorney's Office in Santa Fe the proper protocol and procedures for disposal of evidence.

53. Hellen Gonzalez repeatedly attempted to discuss these issues with Chief Fred Radosevich.

54. On each occasion Chief Radosevich rebuked and belittled Hellen Gonzalez.

55. Chief Fred Radosevich undertook actions against Hellen Gonzalez in retaliation for her performing her duties as the Evidence Custodian and in seeking outside clarification of the protocols and procedures.

56. On August 11, 2015 the Town of Edgewood terminated Hellen Gonzalez's employment.

57. On August 17, 2015, pursuant to the Edgewood Personnel Ordinance Section 2.28.130(E)(2)(a)(3)(a), Hellen Gonzalez requested that a pre-disciplinary hearing be conducted concerning her termination.

58. The Town of Edgewood denied Hellen Gonzalez's request for a pre-disciplinary hearing.

59. On August 17, 2015, Hellen Gonzalez, pursuant to the Edgewood Personnel Ordinance Section 2.28.130(E)(4)(a) requested a post-disciplinary hearing be conducted concerning her termination.

60. The Town of Edgewood denied Hellen Gonzalez's request for a post-disciplinary hearing.

## COUNT 1 – NEGLIGENCE – ALL DEFENDANTS

61. Paragraphs 1 through 60 are incorporated herein as if set forth at length.

62. All Defendants were involved in the internal affairs investigation of Plaintiff Hellen Gonzalez.

63. All Defendants had a duty to use ordinary care in relying on the internal affairs investigation of Plaintiff Hellen Gonzalez.

64. All Defendants failed to use ordinary care in their reliance on the internal affairs investigation of Plaintiff Hellen Gonzalez.

65. Defendants Edgewood and the Police Department are directly and/or vicariously liable to Plaintiff for the actions of Defendant Chief Fred Radosevich's acts or omissions under the doctrine of *respondeat superior*.

66. As a direct and proximate result of the actions of all Defendants, Plaintiff Hellen Gonzalez suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Hellen Gonzalez demands judgment in her favor and against all Defendants, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

### COUNT 2 – VIOLATION OF DUE PROCESS – ALL DEFENDANTS

67. Paragraphs 1 through 66 are incorporated herein as if set forth at length.

68. The aforementioned Personnel Ordinance set forth specific requirements for the discipline and termination of Town employees.

69. Defendants Edgewood, Police Department and Chief Fred Radosevich had a duty, under the Personnel Ordinance, to follow the requirements.

70. Defendants Edgewood and the Police Department are directly and/or vicariously liable to Plaintiff for the actions of Defendant Chief Fred Radosevich's acts or omissions under the doctrine of *respondeat superior*.

71. As a direct and proximate result of the actions of Defendants Edgewood, Police Department and Chief Radosevich, Plaintiff Hellen Gonzalez suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Hellen Gonzalez demands judgment in her favor and against Defendants, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

### COUNT 3 – ABUSE OF PROCESS – ALL DEFENDANTS

72. Paragraphs 1 through 71 are incorporated herein as if set forth at length.

73. Plaintiff has and had a right to be free of malicious abuse of process.

74. Defendants' motivations for the initiation of the internal affairs investigation and disciplinary actions against Plaintiff were to accomplish illegal ends.

75. The false allegations and internal affairs investigation against Plaintiff were made without justification and/or probable cause, with malice and with the intent, to adversely effect Plaintiff Hellen Gonzalez's pending lawsuit.

76. Defendants Edgewood and Police Department are directly responsible to Plaintiff under the doctrine of *respondeat superior* for the alleged acts of Chief Fred Radosevich.

77. As a direct and proximate result of the actions of Defendants Edgewood, Police Department and Chief Fred Radosevich, Plaintiff Hellen Gonzalez suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Hellen Gonzalez demands judgment in her favor and against Defendants Edgewood, Police Department and Chief Fred Radosevich, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

### COUNT 4 - NEGLIGENT HIRING, TRAINING, SUPERVISION – ALL DEFENDANTS

78. Paragraphs 1 through 77 as incorporated herein as if set forth at length.

79. Defendants Edgewood, Police Department and Chief Fred Radosevich, either directly or through their law enforcement agents and public employees, negligently caused damages against Plaintiff due to their negligent hiring, training, and supervision of Defendants Chief Fred Radosevich.

80. Defendant Chief Fred Radosevich was not properly trained or supervised relative to the internal affairs investigation of Hellen Gonzalez.

81. Defendant Chief Fred Radosevich was not properly trained or supervised relative to the disciplinary actions taken against Hellen Gonzalez.

82. The individual Defendants are liable in their official capacities for the intentional and negligent torts committed upon Plaintiff Hellen Gonzalez.

83. As a direct and proximate result of the actions of Defendants Edgewood, Police Department and Chief Fred Radosevich, Plaintiff Hellen Gonzalez suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Hellen Gonzalez demands judgment in her favor and against Defendants Edgewood, Police Department and Chief Fred Radosevich, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

## COUNT 5 – RETALIATION AGAINST A PLAINTIFF IN AN EEOC CASE – ALL DEFENDANTS

84. Paragraphs 1 through 83 above are incorporated herein as if set forth at length.

85. Plaintiff Hellen Gonzalez was a complainant in an EEOC complaint against the Town of Edgewood and the Edgewood Police Department for Chief Fred Radosevich's failure to allow reasonable accommodations for Hellen Gonzalez's duty gear associated with Hellen Gonzalez's permanent physical injuries..

86. As detailed above Plaintiff Hellen Gonzalez faced retaliation and harassment due to the filing of her EEOC case.

87. Retaliation against a complainant in an EEOC case is a prohibited action and Plaintiff Helen Gonzalez's filing of an EEOC case was protected conduct under the New Mexico Human Rights Act.

88. Defendants Edgewood and the Police Department are directly and/or vicariously liable to Plaintiff for the actions of Defendant Chief Fred Radosevich's acts or omissions under the doctrine of *respondeat superior*.

89. As a direct and proximate result of the actions of Defendants Edgewood, Police Department and Chief Fred Radosevich, Plaintiff Hellen Gonzalez suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Hellen Gonzalez demands judgment in her favor and against Defendants Edgewood, Police Department and Chief Fred Radosevich, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

### COUNT 6 – WHISTLE BLOWER RETALIATION - ALL PLAINTIFFS

90. Paragraphs 1 through 89 above are incorporated herein as if set forth at length.

91. As detailed above Plaintiff Hellen Gonzalez, during her employment with Defendant, Edgewood Police Department, reported and made know numerous problems, irregularities, improper and possibly illegal activities associated with the Edgewood Police Department.

92. As a result of Plaintiff Hellen Gonzalez's reporting of these issues she was retaliated against by the Defendants as detailed above.

93. The retaliation included, but was not limited to, being threatened with loss of their job, being threatened with having privileges and benefits taken away, and having statutory due process rights violated.

94. All Defendants were prohibited from retaliatory actions against Plaintiff Hellen Gonzalez's disclosure of the above detailed problems pursuant to NMSA 10-16C-1 et.seq.

95. Defendants Edgewood and the Police Department are directly and/or vicariously liable to Plaintiff for the actions of Defendant Chief Fred Radosevich's acts or omissions under the doctrine of *respondeat superior*.

96. As a direct and proximate result of the actions of Defendants Edgewood, Police Department and Chief Fred Radosevich, Plaintiff Hellen Gonzalez suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Hellen Gonzalez demands judgment in her favor and against Defendants Edgewood, Police Department and Chief Fred Radosevich, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

## COUNT 4 – WRONGFUL TERMINATION – ALL DEFENDANTS

97. Paragraphs 1 through 96 are incorporated herein as if set forth at length.

98. On August 11, 2015 the Town of Edgewood terminated Hellen Gonzalez's employment.

99. Plaintiff Hellen Gonzalez was terminated, in violation of the Whistleblower Protection act, disclosing the problems associated with the Edgewood Police Department through the filing of numerous Tort Claim Notices to the Edgewood Town Counsel.

100. Plaintiff Hellen Gonzalez was terminated, in violation of the Whistleblower Protection act, in retaliation for filing an EEOC Complaint and subsequent lawsuit against all Defendants.

101. Plaintiff Hellen Gonzalez was terminated, in violation of the Whistleblower Protection Act, in an attempt to negatively affect her pending lawsuit against the Defendants.

102. Defendants Edgewood and the Police Department are directly and/or vicariously liable to Plaintiff for the actions of Defendant Chief Fred Radosevich's acts or omissions under the doctrine of *respondeat superior*.

103. As a direct and proximate result of the actions of Defendants Edgewood, Police Department and Chief Fred Radosevich, Plaintiff Hellen Gonzalez suffered and continues to suffer compensatory damages and emotional distress.

WHEREFORE, Plaintiff Hellen Gonzalez demands judgment in her favor and against Defendants Edgewood, Police Department and Chief Fred Radosevich, jointly and/or severely, and an award for compensatory damages together with costs of suit and attorney's fees, and such other relief as may be just and proper under the circumstances of this case.

Respectfully submitted

\S\ Joseph E. CampBell, Esq.
Electronically Signed

JOSEPH E. CAMPBELL
Attorney for Plaintiff Hellen Gonzalez
3 George Court Suite C2
Edgewood, New Mexico 87015
(505) 286-7800    Fax (505) 286-2411