IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HELLEN GONZALEZ,

        Plaintiff,

vs.                                               CIV 16-0587 KG/KBM

TOWN OF EDGEWOOD; TOWN OF
EDGEWOOD POLICE DEPARTMENT; and
CHIEF OF POLICE FRED RADOSEVICH,
*in his individual and representative capacities*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This case originally was filed in the First Judicial District Court, County of Santa Fe, State of New Mexico, D-101-CV-2016-01244. On June 15, 2016, Defendants timely filed a Notice of Removal, (Doc. 1), and properly attached Plaintiff's Complaint for Civil Damages, (Doc. 1-1). Defendants since have filed a Motion for Summary Judgment, (Doc. 30), and Plaintiff has filed a Motion to Amend the Complaint, (Doc. 34). These motions are fully briefed.

On October 31, 2018, the Court entered an Order to Show Cause *sua sponte*, instructing Defendants to explain why the case should not be remanded to state court. (Doc. 37) ("Defendants claim removal is proper because this Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441(b). However, based on its review of the Notice of Removal and the Complaint for Civil Damages, this Court is yet unable to conclude it has subject matter jurisdiction."). On November 15, 2018, the Court held a hearing on its Order to Show Cause, at which time Plaintiff's counsel Joseph Campbell and Defendants' counsel Gregory Belton, both appeared telephonically, and the Court heard arguments from both parties.

I.      *Plaintiff's Complaint For Damages*

Plaintiff's claims include: Count 1 Negligence – All Defendants; Count 2 Violation of Due Process – All Defendants; Count 3 – Abuse of Process – All Defendants; Count 4 – Negligent Hiring, Training, Supervision – All Defendants; Count 5 – Retaliation Against a Plaintiff in an EEOC Case – All Defendants; Count 6 – Whistle Blower Retaliation – All Plaintiffs [sic]; and Count 4 [sic 7] – Wrongful Termination – All Defendants. (Doc. 1-1).

Count 2 does not reference the violation of due process as to either the New Mexico Constitution or the Constitution of the United States. Count 5 alleges in relevant part,

> "86. As detailed above Plaintiff Hellen Gonzalez faced retaliation and harassment due to the filing of her EEOC case.
>
> 87. Retaliation against a complainant in an EEOC case is prohibited action and Plaintiff Helen [sic] Gonzalez's filing of an EEOC case was protected under the New Mexico Human Rights Act."

Defendant removed Plaintiff's lawsuit under 28 U.S.C. § 1331 "based upon federal question issues." (Doc. 1) at 1. Defendants characterized Plaintiff's claims for "Violation of Due Process" (Count 2) and "Retaliation Against a Plaintiff in an EEOC Case" (Count 5) as setting forth claims "arising under the United States Constitution and the laws of the United States and/or a separate and independent claim or cause of action raising Federal question issues." *Id.* at 2.

The Court notes Plaintiff did not challenge removal or seek a remand. Nevertheless, it is incumbent on this Court to determine whether it has subject matter jurisdiction. Indeed, subject matter jurisdiction cannot be waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. "[T]he rule . . . is inflexible and without exception, which requires [a] court, of its own motion, to deny its jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). So, the issue before the Court is whether Plaintiff's claims alleged in Counts 2 and/or 5 present a federal question that would permit the Court to exercise

subject matter jurisdiction over this case and proceed with all claims. Having carefully reviewed the facts of the Complaint as it existed at the time of removal and, having considered the arguments of counsel as well as the applicable law, and for the following reasons, the Court concludes they do not.

    II.    *Federal Question Jurisdiction*

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (alteration in original). This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392. This rule also accounts for the policy that strongly favors a plaintiff's right to suit in the forum of his or her choosing when making claims based on state law. *Id.*; *cf Rivet*, 522 U.S. at 475 (stating plaintiff generally may not artfully plead claims to "defeat removal by omitting to plead necessary federal questions") (quotations and citations omitted).

"A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution

of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted); s*ee also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)). To determine whether a federal question is substantial, "courts should inquire into whether resolution of the issue in federal court would benefit from 'the advantages thought to be inherent in a federal forum.'" *Nicodemus,* 440 F.3d at 1236.

> But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto. . . . [T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction. These considerations have kept us from stating a 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties…. Instead, the question is, does a state-law claim *necessarily raise a stated federal issue, actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Grable & Sons,* 545 U.S. at 313-14 (emphasis added). A consideration of substantiality can include consideration of the absence of a federal cause of action. *Id.* at 318.

Federal courts are courts of limited jurisdiction, so there is a presumption against removal. Moreover, the burden is on the removing party to establish removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014).

    III.    *The New Mexico Human Rights Act (NMHRA) and Retaliation*

The New Mexico Human Rights Act defines unlawful discriminatory practices, which include an employer discriminating based on a "physical or mental handicap or serious medical condition[.]" NMSA 1978, § 28-1-7(A) (2008). It is unlawful for a New Mexico employer to (1)

"engage in any form of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding under the Human Rights Act" and (2) "refuse or fail to accommodate a person's physical or mental handicap or serious mental condition, unless such accommodation is unreasonable or an undue hardship." Section 28-1-7(I)(2), (J).

A prima facia claim of retaliation under New Mexico state law requires proof of three elements: (1) Plaintiff engaged in protected activity; (2) she suffered an adverse employment action; and (3) there is a causal connection between these two events. *Ulibarri v. State of New Mexico Corrections Academy*, 2006-NMSC-009, ¶ 16; *see Ocana v. Am. Furniture Co.*, 2004-NMSC-018, ¶¶ 33, 35 (opposing unlawful discriminatory practice is protected activity); s*ee also Juneau v. Intel Corp*, 2006-NMSC-002, ¶ 11 ("Prohibited acts of threats, reprisal or discrimination are considered together under the general label of unlawful retaliation.") (internal quotation marks omitted).

   IV.   Analysis

Turning to the face of the Complaint, Plaintiff alleges only state law claims. Indeed, Plaintiff refers only to the New Mexico Constitution, the New Mexico State Tort Claims Act, and the laws of the State of New Mexico. (Doc. 1-1) at 1. Most notably, Plaintiff does not allege any violation of federal law, including in Counts 2 and 5. In particular, Count 2 does not refer to the Constitution of the United States or any federal statute, and Count 5, though Plaintiff generally alleges retaliation, does not allege a violation of Title VII, but instead alleges only, "under the New Mexico Human Rights Act." Indeed, Plaintiff's Complaint is void entirely of any reference to Title VII. The only reference to a federal statute is to the Family Medical Leave Act, in that Plaintiff claimed that the Town of Edgewood "unilaterally attempted to place her on Family

Medical Leave in violation of the Family Medical Leave Act." (Doc. 1-1) at 7. Although Plaintiff refers to the Equal Employment Opportunity Commission ("EEOC"), she did not allege a violation of Title VII. *See* (Doc. 1-1) at 6, 11-12. However, those references and the claims in Counts 2 and 5 are insufficient for this Court to construe necessary and substantial federal questions.

Moreover, disposition of the lawsuit, including those claims alleged in Counts 2 and 5 can be achieved in state court without having to determine a violation of federal constitutional law or of a federal statute, including Title VII. And at the hearing on November 15, 2018, Defendants conceded this point. Nevertheless, Defendants maintain federal jurisdiction, relying on the EEOC charge, dated March 11, 2015, which is attached as an exhibit (Doc. 30-8) to Defendants' Motion for Summary Judgment. This exhibit includes Plaintiff's statement, "I believe that I was retaliated against for my protected activity (filing EEOC Charge) in violation Title VII of the Civil Right[s] Act of 1964, as amended." *Id.* This argument is unavailing and would require this Court to consider documentation far outside the face of the civil complaint. The Court declines to do so.

The Court finds *Ulibarri v. Personnel Security Consultants, Inc.*, 2016 WL 10539000, helpful here. *Ulibarri* is a district court case in which the Honorable William P. Johnson considered a similar argument. Specifically, the defendant in that case argued removal was proper because the plaintiff's charge of discrimination alleged discrimination and retaliation in violation of Title VII. However, the civil complaint did not allege a violation of federal law, noting only a "timely EEOC charge[.]" *Id*. at *3. Judge Johnson concluded that "Defendants have not carried their burden of demonstrating the appropriateness of removal, specifically in showing that a federal question is presented on the face of Plaintiff's well-pled Complaint. Plaintiff's Complaint does not make clear that resolution of his claims depends upon interpretation of Title VII of the Civil

Rights Act of 1964, nor does it appear that Plaintiff has omitted a federal question essential to resolution of his claim." *Id.* Judge Johnson continued:

> Plaintiff's reference to federal law in the Charge of Discrimination does lend some credence to Defendants' position. However, the Court finds that the fact that Plaintiff previously filed a Charge of Discrimination seeking federal review and asserting a federal claim does not forever bind him to federal law in a later Complaint that alleges only state law claims. The fact that the EEOC investigated Plaintiff's discrimination claim does not determine how Plaintiff may choose to plead his case. Plaintiff did not attach the Charge of Discrimination to the Complaint, there is no reference to Title VII in the Complaint, and Plaintiff prays for relief solely under the New Mexico Human Rights Act.

*Id.* Judge Johnson concluded, "Ultimately, the Court credits the plain reading of Plaintiff's Complaint and Plaintiff's statements in his Motion to Remand that he is only asserting state law claims. At most, Defendants' argument raises an ambiguity between Plaintiff's Charge of Discrimination and Plaintiff's Complaint. Given this ambiguity, Defendants have not met their burden of establishing the existence of a federal question." *Id.* This Court takes a similar view here.

Finally, at the hearing Defendants state that it is unclear what Plaintiff's claims are, state or federal, and argue Plaintiff's claims are "confusing at best." Indeed, and to that extent, the Court strains to construe substantial federal questions from the Complaint. Given the presumption against removal and the burden, and Defendants failure to establish otherwise, the Court concludes it has no subject matter jurisdiction.

  V.  *Conclusion*

The Court is mindful of the time that has elapsed since Defendants filed their Notice of Removal, as well as the fact discovery is complete and two motions have been filed and fully briefed. The Court has made no substantive rulings on Plaintiff's claims. *Tuck v. United Services Auto Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("A court lacking jurisdiction . . . must dismiss the

cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking.") (quotations and citations omitted).  The Court recognizes Plaintiff is the master of her Complaint, and the face of her Complaint does not give rise to a substantial federal question.  Therefore, the Court concludes it lacks subject matter jurisdiction and orders the case be remanded to the First Judicial District, County of Santa Fe, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE